UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:14-cv-52-FDW

| | | |
|---|---|---|
| CARL S. OWENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| HUBERT CORPENING, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court on initial review of pro se Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1), on Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), and on Petitioner's Application for Appointment of Counsel, (Doc. No. 3).

**I.      BACKGROUND**

Pro se Petitioner Carl S. Owens is a North Carolina state court inmate currently incarcerated at Marion Correctional Institution in Marion, North Carolina. On June 26, 2008, Petitioner was convicted after a jury trial of one count of first-degree sexual offense with a child in Cherokee County Superior Court. Petitioner was sentenced to 228 to 238 months of imprisonment. Petitioner appealed, and on May 19, 2009, the North Carolina Court of Appeals affirmed Petitioner's conviction and sentence. State v. Owens, 197 N.C. App. 232, 676 S.E.2d 668 (2009). Petitioner filed a petition for writ of certiorari in the North Carolina Supreme Court on May 12, 2010, which petition was denied on August 26, 2010. State v. Owens, 364 N.C. 330, 701 S.E.2d 251 (2010). Petitioner states in his habeas petition that on September 18, 2013, he filed a motion for appropriate relief ("MAR") in Cherokee County Superior Court, and that the

1

MAR was denied on September 30, 2013. (Doc. No. 1 at 3). Petitioner also asserts in his petition that he filed a petition for writ of certiorari in the North Carolina Court of Appeals on November 25, 2013, and that the petition was denied on December 11, 2013. (Id. at 3-4). Petitioner filed a petition for writ of certiorari in the North Carolina Supreme Court on August 6, 2014, and that the petition was dismissed on October 9, 2014. State v. Owens, 764 S.E.2d 465 (2014). Petitioner placed his habeas petition in the prison system for mailing on November 25, 2014, and it was stamp-filed in this Court on December 8, 2014.

The Court first considers Petitioner's Motion to Proceed in Forma Pauperis. A petition for a writ of habeas corpus requires a filing fee of $5.00. A review of the pleadings reveals that as of November 17, 2014, Petitioner had $318.08 in his inmate trust account. See (Doc. No. 2 at 2). Based on these figures, the Court finds that Petitioner has sufficient assets with which to pay the filing fee. Accordingly, the Court will deny his motion to proceed in forma pauperis.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

## III. DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct

2

> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Furthermore, for convictions that became final before the AEDPA's effective date, the limitations period began to run on April 24, 1996, the effective date of the Act. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Finally, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2). However, the filing of any motions after the one-year limitations period has already run will not revive the already expired one-year limitations period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that the Section 2254 petition was "clearly time-barred," where the petitioner had moved for post-conviction relief in state court only after the time limitation had expired).

Here, Petitioner's conviction became final on November 24, 2010, i.e., ninety days after the August 26, 2010, order of the North Carolina Supreme Court denying certiorari. See Clay v. United States, 537 U.S. 522, 527 (2003). The limitations period then ran for 365 days and fully expired on November 24, 2011. Because Petitioner dated his current pro se federal habeas application form November 25, 2014, and it was stamp-filed in this Court on December 8, 2014, it is clearly time-barred. Furthermore, any motions filed after the limitations period expired did not revive the limitations period. See Minter v. Beck, 230 F.3d at 665. Finally, to be entitled to

3

equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstances stood in the way of him filing the petition in a timely manner. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, Petitioner has not shown that he was diligent in pursuing his right to file his § 2254 petition, nor has he shown that an extraordinary circumstance prevented him from filing the petition in a timely manner.

In sum, the petition will be dismissed as untimely.

### IV.     CONCLUSION

For the reasons stated herein, Petitioner's § 2254 motion is untimely, and the petition will therefore be dismissed.[1]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2254 motion, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED**.

2. Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **DENIED**.

3. Petitioner's Application for Appointment of Counsel, (Doc. No. 3), is **DENIED** as **MOOT**.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that

---

[1] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because, in his Section 2254 petition, Petitioner addressed the statute of limitations issue, and Petitioner's explanation indicates no confusion over the timeliness issue.

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 15, 2014

Frank D. Whitney
Chief United States District Judge